**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **OLGA ALCANTARA,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **EP:25-CV-00438-DC** |
| | § | |
| **CHIEF PETER PACILLAS, IN HIS** | § | |
| **INDIVIDUAL AND OFFICIAL** | § | |
| **CAPACITIES; et al.,** | § | |
| *Defendants.* | § | |

## <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

Before the Court is United States Magistrate Judge Ronald C. Griffin's Report and Recommendation (Doc. 17) concerning Plaintiff Olga Alcantara's Amended Complaint and her Motion to Proceed *In Forma Pauperis*. (Docs. 5, 15). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, the Magistrate Judge filed his report and recommendation on March 13, 2026.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy and, in doing so, secure *de novo* review by the district court. When no objections are timely filed, a district court reviews the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because objections were filed, the Court conducts *de novo* review. However, having so reviewed the objections, the

Court finds that they are mostly frivolous or incorrect statements of law. And even for those objections which might, under other circumstances, have merit, they do not have merit here.

Accordingly, Plaintiff's claims against the City of El Paso, Texas and the El Paso Police Department; Chief Peter Pacillas; Officer Jose Rivas a/k/a Jose Rios; City Attorney Karla Nieman; the City of Socorro, Texas; Officers Acosta, Bustamante, Gonzalez, Sosa, Sgt. Benavidez, Officer Israel Rodriguez, and Internal Affairs Officer Denise Holguin, in their individual capacities; El Paso Healthcare System, LTD d/b/a Del Sol Medical Center; TIRR Memorial Hermann Hospital; Houston Methodist Hospital; NeuroRestorative El Paso; Carlos Ramirez Jr.; Jessica Mendez and Flores Mendez P.C.; the Texas Health & Human Services Commission / Adult Protective Services (Houston Region); El Paso Probate Judge Eduardo Gamboa; United States District Judge David C. Guaderrama; Thomas Edward Bosworth and Bosworth DeAngelo, LLC; Dillon Bruce Norton and DB Norton, PLLC; Bruce Lee Gomez and Mansouraty Gomez PLLC; and Raquel Lauretano are barred by sovereign, judicial, and quasi-judicial immunity, and/or fail to state a claim upon which relief may be granted. Those claims are therefore **DISMISSED**. Plaintiff's claims against the El Paso Police Department; the Texas Health & Human Services Commission / Adult Protective Services (Houston Region); Judge Eduardo Gamboa; Judge David C. Guaderrama; Bruce Lee Gomez and Mansouraty Gomez PLLC; and Raquel Lauretano are **DISMISSED WITH PREJUDICE** because those Defendants are immune from suit. Plaintiff's claims against the City of El Paso, Texas; Chief Peter Pacillas; the City of Socorro, Texas; Officer Jose Rivas a/k/a Jose Rios; City Attorney Karla Nieman; Officers Acosta, Bustamante, Gonzalez, Sosa, Sgt. Benavidez, Officer Israel Rodriguez, and Internal Affairs

2

Officer Denise Holguin, in their individual capacities; El Paso Healthcare System, LTD d/b/a Del Sol Medical Center; TIRR Memorial Hermann Hospital; Houston Methodist Hospital; NeuroRestorative El Paso; Carlos Ramirez Jr.; Jessica Mendez and Flores Mendez P.C.; Thomas Edward Bosworth and Bosworth DeAngelo, LLC; and Dillon Bruce Norton and DB Norton, PLLC are **DISMISSED WITHOUT PREJUDICE**. The Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claims. And leave to amend is **DENIED**. The Court further **CERTIFIES**, pursuant to 28 U.S.C § 1915(a)(3), that an IFP appeal of the dismissal would not be taken in good faith.

It is so **ORDERED**.

<u>**SIGNED this 4th day of May, 2026.**</u>

_____
**DAVID COUNTS**
**UNITED STATES DISTRICT JUDGE**